

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 23, 1959

Honorable Frank M. Jackson
Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Opinion No. WW-577

Re: Whether the Teacher
Retirement System,
under the facts stated,
is authorized to make
a refund of the accumu-
lated deposits to a
Dear Mr. Jackson: member.

   Your request for an opinion recites that a member
of the Teacher Retirement System who was employed in a
teaching position at the University of Texas, resigned
his position on October 31, 1958. The member executed
his application for a refund of accumulated deposits on
November 7, and the payroll Division of the University
submitted this application for refund together with their
monthly report covering the member's final deposit on
December 2. The Teacher Retirement System was advised
on December 2, that the member had been re-employed by
the University in a teaching position with another de-
partment. Upon receipt of this information, the Retire-
ment System declined to make a refund. The member
contends that he became entitled to a refund of his
accumulated deposits upon executing his application
therefor and the fact that he returned to the teaching
profession prior to the refunding of his accumulated
deposits is immaterial. Your request further recites
that it has not been the policy of the Retirement System
to make refund of accumulated deposits in such cases.

   Subsection 3(b) of Section 3 of Article 2922-1
reads in part as follows:

   "3. Termination of Membership.
   Membership in the Retirement System
   shall cease and terminate if:

" . . .

"(b) The member, <u>while absent from
service</u> <u>withdraws his accumulated</u> depo-
sits; . . ." (Emphasis added.)

Subsection 1 of Section 8 of Article 2922-1 reads
as follows:

"Sec. 8. Return of Accumulated Contributions
Upon Cessation of Membership.

"1. Should a member <u>cease to be a teacher</u>
or auxiliary employee, except by death or by
retirement under the provisions of this Act, he
shall, upon application in writing as prescribed
by the State Board of Trustees, be paid in full
the amount of the accumulated contributions stand-
ing to the credit of his individual account in the
Teacher Savings Fund, and his account shall there-
upon be closed and his membership (if not previous-
ly ended) shall be terminated." (Emphasis added.)

In view of the provisions of the foregoing statutes
we do not believe that the member has either ceased to be
a teacher, within the meaning of Section 8, or that he has
withdrawn his accumulated deposits while absent from ser-
vice, within the meaning of Section 3, quoted above.

The law does not contemplate that a member who is
only temporarily absent from the teaching profession may
by reason thereof be entitled to a return of accumulated
deposits. In fact, when the application for refund
reached the Retirement System, stating that the member
had permanently left the teaching profession, the member
had been re-employed by another department of the Uni-
versity. Hence, it cannot be said that the member at
that time had either withdrawn his accumulated deposits
while absent from service, or that he had ceased to be
a teacher within the meaning of the above quoted provi-
sions of the Teacher Retirement Act.

You are, therefore, advised that the Teacher Re-
tirement System is not authorized to make a refund of the
member's accumulated deposits under the facts stated.

## SUMMARY

The Teacher Retirement System of Texas, under the facts stated, is not authorized to make a refund of a member's accumulated deposits.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Leonard Passmore
Assistant

LP:rm:mfh

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Jot Hodges, Jr.
Grundy Williams
Grady H. Chandler
Wallace Finfrock

REVIEWED FOR THE ATTORNEY GENERAL
By W. V. Geppert